**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Case No. RWT 13-cr-0496 |
| | * | |
| **JORGE ENRIQUE MORENO-AGUILAR,** *et al.* | * | |
| | * | |

**MEMORANDUM OPINION**

This opinion represents the latest installment in the continuing struggle of circuit and district courts to sort out the question of what constitutes a "crime of violence" under 18 U.S.C. § 924(c) in the wake of the decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which found unconstitutional the "residual clause" definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B), part of the Armed Career Criminal Act ("ACCA") of 1984.

Here, the issue arises in the context of a fourteen-Defendant case, in which all Defendants are charged with a RICO murder conspiracy involving the MS-13 gang. The case was divided into trial groups, the first group consisting of four Defendants. ECF No. 287. Two of these Defendants, Jorge Enrique Moreno-Aguilar and Juan Alberto Ortiz-Orellana, are charged in Count Nine with the use, carrying, brandishing and discharge of a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and in Count Ten with murder resulting from the use, carrying, brandishing, and discharging of a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(j). ECF No. 313. Both of these Defendants have moved to dismiss these counts, contending that the underlying crimes do not

qualify as "crimes of violence" in light of the Supreme Court's ruling in *Johnson*. ECF Nos. 285, 286.[1]

Count Nine specifies that the underlying crime of violence is murder in aid of racketeering, charged in Count Eight, in violation of 18 U.S.C. § 1959(a)(1); Maryland Code, Criminal Law §§ 2-201 and 2-204; and the common law of Maryland. ECF No. 131 at 46. For Count Ten, the underlying crime of violence is that, "in the course of committing a violation of 18 U.S.C. § 924(c) . . . [Defendants] did cause the death of a person through the use, carrying, brandishing and discharging of a firearm, which killing is a murder as defined by 18 U.S.C. § 1111 . . . ." *Id.* at 47.

The issue in this case is whether the murder statutes under which Defendants are charged prohibit crimes of violence as defined by § 924(c), either under its "force clause" or its "residual clause." It is a seemingly simple question that, after a tortured and complicated journey—and in a triumph of common sense—will here be answered "yes."

### A. 18 U.S.C. § 924(c)(3) vs. 18 U.S.C. § 924(e)(2)(B): Distinguishing the Laws at Issue in *Moreno-Aguilar* and *Johnson*

As in *Johnson*, both Counts at issue here are brought under 18 U.S.C. § 924, a section with seemingly endless subsections and sub-subsections. To the uninitiated, it is a daunting task to read.

*Johnson* concerned subsection (e) of § 924, part of the ACCA. Subsection (e) defines "violent felony." By contrast, subsection (c) defines "crime of violence." Drilling down further, both definitional subsections contain identical sub-subsections commonly referred to as "force

---

[1] At the time Defendants moved to dismiss these Counts, these charges were contained in Counts Fourteen and Fifteen of the Third Superseding Indictment. ECF No. 210. On March 7, 2016, a Fourth Superseding Indictment was returned, and all parties agreed that the pending motions would be treated as directed to Counts Nine and Ten of the Fourth Superseding Indictment. ECF No. 313.

clauses." Beyond the force clauses, however, the similarities end. While both (c)(3) and (e)(2)(B) have an additional sub-subsection, the language in them is quite different. To compare:

| | |
|---|---|
| **18 U.S.C. § 924(e)(2)(B)** (emphasis added) | The term "**violent felony**" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—<br>(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or<br>(ii) **is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.** |
| **18 U.S.C. § 924(c)(3)** (emphasis added) | For purposes of this subsection the term "**crime of violence**" means an offense that is a felony and—<br>(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or<br>(B) **that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.** |

Table 1. 18 U.S.C. § 924(e)(2)(B) and 18 U.S.C. § 924(c)(3).

These distinctions are crucial in determining whether the holding in *Johnson* reaches § 924(c)(3), but less crucial in determining whether the offenses charged in this case survive. Critically, at issue in *Johnson* was the specific language in 18 U.S.C. § 924(e)(2)(B)(ii), "or otherwise involves conduct that presents a serious potential risk of physical injury to another," also known as the residual clause. *Johnson* left unscathed 18 U.S.C. § 924(e)(2)(B)(i), also known as the force clause. Thus, if the murder statutes at issue in this case qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(A), an identical force clause, *Johnson*'s holding is irrelevant. For the reasons discussed *infra*, the Court holds precisely this.

### B. 18 U.S.C. § 924(c)(3)(A): The Force Clause

The underlying murder statutes supporting Counts Nine and Ten easily qualify as crimes of violence under the force clause. Murder historically has served as a predicate offense for innumerable federal prosecutions under the force clause of 18 U.S.C. § 924(c). The Court has

3

not found any decision holding that murder *cannot* serve as a predicate offense under the force clause of 18 U.S.C. § 924(c). This Court does not intend to be the first.

To determine whether an offense is a "crime of violence" under 18 U.S.C. § 924(c)(3), courts use the "categorical approach" established in *Taylor v. United States,* 495 U.S. 575 (1990). *See Fuertes*, 805 F.3d at 498. The categorical approach applies where the predicate statute contains a single set of indivisible elements that must be proved beyond a reasonable doubt. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Courts must "compare the elements of the statute forming the basis of the defendant's [charge or] conviction with the elements of the "generic" crime—i.e., the offense as commonly understood." *Id.*

In this Circuit, if the "most innocent" conduct proscribed by the predicate statute does not fall within either the force clause or the residual clause, then the offense categorically is not a crime of violence regardless of whether the facts of a particular case involve violent conduct. *See United States v. Naughton*, 621 F. App'x 170, 178 (4th Cir. 2015), *cert. denied*, No. 15-7924, 2016 WL 395062 (Mar. 7, 2016). The key is elements, not facts. *Descamps*, 133 S. Ct. at 2281 (citing *Taylor*, 495 U.S. at 599).

The force clause of § 924(c)(3) defines a "crime of violence" as an offense that is a felony and "*has as an element* the use, attempted use or threatened use of *physical force* against the person or property of another." *Id.* (emphasis added). The underlying "crimes of violence" with which Defendants are charged are: (1) murder in aid of racketeering (VICAR murder), charged in Count Eight, in violation of 18 U.S.C. § 1959(a)(1); Maryland Code, Criminal Law §§ 2-201 and 2-204; and the common law of Maryland, ECF No. 313 at 46; and (2) "in the course of committing a violation of 18 U.S.C. § 924(c) . . . [Defendants] did cause the death of a person through the use, carrying, brandishing and discharging of a firearm, which killing is a

4

murder as defined by 18 U.S.C. § 1111." *Id.* at 47. Thus, the three potential "crimes of violence" are defined in 18 U.S.C. § 1111, Md. Code Ann., Crim. Law §§ 2-201 and 2-204, and the common law of Maryland.

Md. Code Ann., Crim. Law § 2-201 states, in relevant part:

> (a) A murder is in the first degree if it is:
> (1) a deliberate, premeditated, and willful killing;
> (2) committed by lying in wait;
> (3) committed by poison; or
> (4) committed in the perpetration of or an attempt to perpetrate [various crimes, including arson, burglary, and barn burning]

Md. Code Ann., Crim. Law § 2-204 states, in relevant part: "A murder that is not in the first degree under § 2-201 of this subtitle is in the second degree." Maryland common law defines murder as "the unlawful killing of one person by another, done with malice aforethought." *Newton v. State*, 280 Md. 260, 274–76, 373 A.2d 262, 270 (1977). Similarly, 18 U.S.C. § 1111 defines murder as "the unlawful killing of a human being with malice aforethought" and includes "[e]very murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing" as first degree murder.

Defendants argue that because Md. Code Ann., Crim. Law § 2-201 includes murder by poison, the Fourth Circuit's decision in *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), mandates a conclusion that murder cannot be a crime of violence because the statute's elements are broader than the "generic" crime. ECF No. 286 at 7. This Court disagrees.

In *Johnson v. United States*, 559 U.S. 133 (2010) (hereinafter "*Johnson 2010*"), the Supreme Court held that "physical force," for the purposes of the ACCA's identical force clause, means violent force, "that is, force capable of causing physical pain or injury to another person." *Id.* at 140. Earlier, the Supreme Court found in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), that a

5

critical aspect of a "crime of violence" under 18 U.S.C. § 16(a), a statute almost identical to § 924(c)(3), is that a crime of violence "is one involving the use of a physical force against the person or property of another." *Id.* at 9.

Against this backdrop, the Fourth Circuit in *Torres-Miguel* analyzed the meaning of "crime of violence" as used in U.S.S.G.§ 2L1.2, a guideline that in Commentary 1.B. (iii) defines "crime of violence" by utilizing, as with the ACCA, a confusing list of examples, but concludes with the familar "or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." The Fourth Circuit concluded that "[a]n offense that results in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of crime of violence." *Torres-Miguel*, 701 F.3d at 168. The *Torres-Miguel* opinion distinguished between an offense that *uses* force and one that *results in* injury. *See id.* at 168. As part of a substantial discussion of various examples, the Court cited a Fifth Circuit decision that adopted the reasoning of an unpublished decision from 2008, which used poisoning as an example of a way to cause injury without violent force. *Id.* at 168–69 (citing *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010) (adopting the reasoning of *United States v. De La Rosa-Hernandez*, 264 Fed. App'x. 446, 447–49 (5th Cir. 2008))). Notably, in *Cruz-Rodriguez* the Fifth Circuit made no mention of poisoning; it merely adopted the overall reasoning of *De La Rosa-Hernandez*, which was that a conviction under a statute that prohibits threats is not a crime of violence because the conviction can be obtained without threatening physical force. 625 F.3d at 276 (citing *De La Rosa-Hernandez*, 264 Fed. App'x. at 447–49). Even if the state of the law terminated here, this Court would be wary of relying on such an

attenuated chain of dicta to declare that Maryland statutory murder is no longer a crime of violence because it can be committed by poisoning.

Of course, the state of the law does not end with *Torres-Miguel*. In *Castleman v. United States*, 134 S. Ct. 1405 (2014), the Supreme Court held that "use of physical force" can be both indirect and direct, and further opined that the use of poison constitutes a use of force. *See id.* at 1414–15.[2]  *Castleman* was assessing the force clause of a misdemeanor crime of domestic violence statute, 18 U.S. C. § 921(a)(33)(A), but as shown below, both the force clause at issue in *Castleman* and the force clause in § 924(c)(3)(A) focus on *physical force*, not physical injury, and the terms "violence" and "violent" are external to the language of the defined term.

| | |
|---|---|
| **18 U.S.C. § 924(c)(3)** (emphasis added) | For purposes of this subsection the term "**crime of violence**" means an offense that is a felony and—<br>(A) has as an element the use, attempted use, or threatened use of **physical force** against the person or property of another, or<br>(B) that by its nature, involves a substantial risk that **physical force** against the person or property of another may be used in the course of committing the offense. |
| **18 U.S.C. § 921(a)(33)(A)** (emphasis added) | Except as provided in subparagraph (C),[2] the term "**misdemeanor crime of domestic violence**" means an offense that—<br>(i) is a misdemeanor under Federal, State, or Tribal law; and<br>(ii) has, as an element, the use or attempted use of **physical force**, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim. |

Table 2 18 U.S.C. § 924(c)(3) and 18 U.S. C. § 921(a)(33)(A).

In *Johnson 2010*, the Supreme Court emphasized that it was not interpreting the term "physical force" in a vacuum, but rather in the context of a statutory definition that uses the title "violent." 559 U.S. at 140. It is for that reason that the Court held that a statute using the term

---

[2] The Government encourages this Court to conclude that *Castleman* superceded *Torres-Miguel*. This is unnecessary. *Torres-Miguel* was considering a statute prohibiting threats, and the crux of the opinion's rationale was that "no element of [the statute] 'necessarily include[s] a threatened use of physical force' to accomplish that 'result[ing injury]." *Torres-Miguel*, 701 F.3d at 168 (quoting and disagreeing with *United States v. Villavicencio-Burruel*, 608 F.3d 556, 562 (9th Cir. 2010)). Although *Castleman* casts doubt on some of the rationale of *Torres-Miguel* regarding whether indirect force consistutes use of force, for the purposes of this case, it is sufficient to conclude that poisoning does not disqualify an offense from being a crime of violence under a force clause.

7

"physical force" should be construed as "force capable of causing physical pain or injury to another person." *Id*. The decision four years later in *Castleman* foreclosed any argument that the term "physical force" as interpreted in *Johnson 2010* does not include murder by poisoning. Simply put, the use of poison is a use of force; indeed, it is the use of violent physical force because it is force capable of causing physical pain or injury. It matters not that the force is direct or indirect.

Not surprisingly, other courts have similarly held that murder is a crime of violence within the scope of section 924(c)(3)(A). The District Court for the District of Columbia, in *United States v. Machado-Erazo*, 986 F. Supp. 2d 39, 53–54 (D.D.C. 2013), found the evidence sufficient to support a § 924(c) conviction where the jury had convicted defendant of VICAR murder predicated on murder under the same law at issue in this case. There, the Court stated that murder is "a crime of violence because it is a felony that requires the use, attempted use, or threatened use of physical force against another person." *Id.* (internal quotation marks and citations omitted). Similarly, the District Court of Utah, relying in part on *Castleman*, held that murder under 18 U.S.C. 1111(a) is a crime of violence within the scope of section 924(c)(3)(A), finding "unlawfully killed" as the conduct element. *Checora*, Case No. 2:14cr457DAK, 2015 WL 9305672, at *7. *See also Vargas-Sarmiento v. U.S. Dept. of Justice*, 448 F.3d 159 (2d Cir. 2006) (finding New York's first-degree manslaughter law both divisible and a crime of violence within the meaning of 18 U.S.C. § 16(b)).

Also notable is a recent Eleventh Circuit opinion written by Justice O'Connor, sitting by designation, which held that damaging the controls of an airplane is a crime of violence under § 924(c) despite the defendant's argument that disabling an aircraft does not necessarily involve

a violent use of force. *U.S. v. McGuire*, 706 F.3d 1333, 1337 (11th Cir. 2013). Justice O'Connor explained:

> It makes little difference that the physical act, in isolation from the crime, can be done with a minimum of force; we would not say that laying spikes across a roadway is a non-violent crime because laying something upon the ground is not a forceful act. It still involves an intentional act against another's property that is calculated to cause damage and that is exacerbated by indifference to others' wellbeing.

*Id.* at 1337–38. Indeed, even before *Castleman*, this Circuit has held that arson is a crime of violence under § 16(b) because it involves "physical force" defined as "an influence acting within the physical world, a force of nature." *Mbea v. Gonzales*, 482 F.3d 276, 280 (4th Cir. 2007).

Finally, finding that murder is not a crime of violence under the force clause of § 924(c) strains common sense and, more importantly, could lead to the absurd result that this and other statutes, *e.g.*, the federal solicitation statute, 18 U.S.C. § 373, would be called into question. The Supreme Court in *Castleman* considered and rejected reaching such a conclusion in deciding the meaning of "use of force." *Castleman* 134 S. Ct. at 1410–13 ("An additional reason to read the statute as we do is that a contrary reading would have rendered [the statute] inoperative in many States at the time of its enactment.").

This Court cannot "entirely ignore[] the conduct element of unlawful killing" in the predicate offenses. *Checora*, Case No. 2:14cr457DAK, 2015 WL 9305672, at *4 ("It is hard to imagine conduct that can cause another to die that does not involve physical force against the body of the person killed."). The hypothetical "imaginations of counsel," *id.*, do not justify the narrow interpretation proposed by Defendants, which could lead to absurd results. The Court, therefore, finds that the underlying charges of murder, which require a "deliberate, premeditated and willful killing," Md. Code Ann., Crim. Law § 2-201, or "unlawful killing,"

9

18 U.S.C. § 1111, necessarily involve the use of physical force against another and thus are crimes of violence under the force clause of § 924(c).

### C. 18 U.S.C. § 924(c)(3)(B): The Residual Clause

Although this Court concludes that the murder statutes at issue in this case qualify as crimes of violence under the force clause, in an abundance of caution, it is worth considering whether *Johnson* invalidated the residual clause in 18 U.S.C. § 924(c)(3)(B).  This is an issue that has yet to come before the Supreme Court and on which the Fourth Circuit has declined to rule on three occasions.  *See United States v. McNeal*, Nos. 14-4871, 14-4872, 2016 WL 1178823, at *8, n.8 (4th Cir. March 28, 2016); *United States v. Naughton*, 621 F. App'x 170, 178 n.4 (4th Cir. 2015), *cert. denied*, No. 15-7924, 2016 WL 395062 (Mar. 7, 2016); *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015) (noting further that the Supreme Court has had no occasion to review Section 924(c)'s residual clause, and that the two clauses are "similarly worded but not identically so"), *cert. denied sub nom. Ventura v. United States*, No. 15-7656, 2016 WL 763642 (Feb. 29, 2016).[3]

The term "violent felony" under the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) had a long and tortured history in the Supreme Court prior to *Johnson*, which was the the Court's fifth and final attempt to articulate more clearly its meaning.  *See Sykes v. United States*, 131 S. Ct. 2267, 2270 (2011); *Chambers v. United States*, 555 U.S. 122, 123 (2009); *Begay v. United States*, 553 U.S. 137, 139 (2008); *James v. United States*, 550 U.S. 192, 211–12 (2007). It was the proverbial straw that broke the camel's back; the *Johnson* Court gave up the quest and acknowledged that its "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause" were a motivating factor in its decision to invalidate it.

---

[3] This issue is again pending before the Fourth Circuit in *United States v. Donald Eugene Walker*, No. 14-cr-00271 (M.D.N.C. 2015), *appeal docketed*, No. 15-4301 (4th Cir. June 1, 2015).

*Johnson*, 135 S. Ct. at 2558–60 ("Nine years' experience trying to derive meaning from the residual clause convinces us that we have embarked upon a failed enterprise."). In short, "enough was enough."

The Court further noted that "[t]he clause has 'created numerous splits among the lower federal courts,' where it has proved 'nearly impossible to apply consistently.'" *Id.* at 2560 (quoting *Chambers*, 555 U.S. at 133 (Alito, J., concurring in judgment)). This is because § 924(e)(2)(B)(ii)'s residual clause has a convoluted, multi-part, multi-test definition built on a shaky foundation of risk. "Two features of the [ACCA's] residual clause conspire to make it unconstitutionally vague"—the first being the "grave uncertainty about how to estimate the risk posed by a crime," and the second "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2557–58. "Each of the uncertainties in the residual clause may be tolerable in isolation, but 'their sum makes a task for us which at best could be only guesswork.'" *Id.* at 2560 (quoting *United States v. Evans,* 333 U.S. 483, 495 (1948)).

In sharp contrast, § 924(c)(3)(B) has no such language and no such history. Prior to the decision in *Johnson*, courts had not encountered any significant difficulty in construing it. *See Green*, Criminal Action No. RDB-15-0526, 2016 WL 277982, at *4 (D. Md. Jan. 22, 2016); *McDaniels*, No. 1:15-CR-171, 2015 WL 7455539, at *7 (E.D. Va. Nov. 23, 2015); *United States v. Checora*, Case No. 2:14cr457DAK, 2015 WL 9305672, at *8 (D. Utah Dec. 21, 2015). Although § 924(c)(3)(B) also involves some assessment of risk, it lacks the list of enumerated crimes contained in the ACCA's residual clause and, as will be discussed *infra*, it is narrower in its scope and application, the focus being on risk of *force* during the commission of the offense and not on risk of *injury* at an indeterminate time.

Since the decision in *Johnson*, and only since the decision in *Johnson*, the constitutionality of the residual clause in § 924(c)(3) (and the similarly-worded residual clause of 18 U.S.C. § 16(b)) has been heavily disputed in district and circuit courts. *Compare, e.g.*, *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) (holding that § 924(c)(3)(B) is not unconstitutionally vague), *and United States v. Hayes*, Crim. No. RDB-14-577 (Dec. 21, 2015) (ECF No. 67) (same) *with United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) (finding 18 U.S.C. § 16(b) "materially indistinguishable" from the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii), and therefore void for vagueness under *Johnson*), *and Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) (finding that "because of the same combination of indeterminate inquiries, § 16(b) is "subject to identical unpredictability and arbitrariness as the ACCA's residual clause" and therefore void for vagueness under *Johnson*), *and United States v. Edmundson*, Crim. No. PWG-13-15, 2015 WL 9582736 (D. Md. Dec. 30, 2015) (holding that § 924(e)(2)(B)(ii) is void for vagueness after *Johnson*).

Among this confusion, this Court finds the decision of the Sixth Circuit in *Taylor* highly persuasive because it captures the complete holding of *Johnson*, which rested not on one individual flaw, but on the combined effect of numerous abiguities:

> In stating that the ordinary case analysis and the level-of-risk requirement "conspire[d] to make [the statute] unconstitutionally vague," the Court ruled that the problem with the ACCA residual clause was that it combined an overbroad version of the categorical approach with other vague elements. . . . In short, *Johnson* did not invalidate the ACCA residual clause because the clause employed an ordinary case analysis, but rather because of a greater sum of several uncertainties.

*Taylor*, 814 F.3d at 378 (quoting *Johnson*, 135 S. Ct. at 2557).

As a preliminary matter, the statutory language of § 924(c)(3)(B)—requiring the risk "that *physical force* against the person or property of another may be used *in the course of*


*committing the offense,*" § 924(c)(3)(B) (emphasis added)—is narrower than the language of § 924(e)(2)(B)(ii), which requires conduct "that presents a serious potential *risk of physical injury* to another," § 924(e)(2)(B)(ii) (emphasis added). As the *Taylor* Court explained:

> Risk of physical *force* against a victim is much more definite than risk of physical *injury* to a victim. Further, by requiring that the risk of physical force arise "in the course of" committing the offense, the language of § 924(c)(3)(B) effectively requires that the person who may potentially use physical force be the offender. Moreover, § 924(c)(3)(B) requires that the felony be one which "by its nature" involves the risk that the offender will use physical force. None of these narrowing aspects is present in the ACCA residual clause.
>
> These are distinctions that made a difference in *Johnson*. The *Johnson* Court in part relied upon the wide judicial latitude permitted by the ACCA's coverage of crimes that "involve[ ] conduct" presenting a serious risk of injury, language that did not limit a court's inquiry to the elements of the crime. 135 S. Ct. at 2557. Section 924(c)(3)(B), by contrast, *does not allow a court to consider risk-related conduct beyond that which is an element of the predicate crime* since the provision covers offenses that "by [their] nature" involve a substantial risk that force may be used. The phrase "by its nature" indicates that *a court's analysis of whether there is a risk of force is confined to the offense itself*. The Supreme Court has interpreted identical language in another statute, 18 U.S.C. § 16(b), in this way. *See Leocal v. Ashcroft,* 543 U.S. 1, 10, 125 S. Ct. 377, 160 L.Ed.2d 271 (2004).
>
> Similarly, § 924(c)(3)(B) does not allow courts to consider conduct occurring *after the crime has been committed*. In *Johnson,* the Court explained that "the inclusion of burglary and extortion among the enumerated offenses preceding the residual clause confirms that" a court could evaluate the risk of injury arising after the crime has been completed, since "[t]he act of making an extortionate demand or breaking and entering into someone's home does not, in and of itself, normally cause physical injury." 135 S. Ct. at 2557. Section 924(c)(3)(B)'s requirement that physical force "be used *in the course of* committing the offense" permits no similar inquiry into conduct following the completion of the offense: under that statute, the force must be used and the risk must arise in order to effectuate the crime. Thus, unlike the ACCA residual clause, § 924(c)(3)(B) *does not allow courts to consider "physical injury [that] is remote from the criminal act,"* a consideration that supported the Court's vagueness analysis in *Johnson*. *Johnson,* 135 S. Ct. at 2559.

*Taylor*, 814 F.3d at 376–77 (emphasis added). Other courts have similarly held that language like that in 18 U.S.C. § 924(c)(3)(B) is more limiting than the residual clause language of the

§ 924(e)(2)(B)(ii).  *See, e.g.*, *United States v. Serafin*, 562 F.3d 1105, 1109 (10th Cir. 2009) (noting that statutes such as 18 U.S.C. § 16(b), under which "the risk of force must arise in the course of *committing* the crime and not merely as a *possible result*" differ "textually" from the ACCA); *United States v. Hernandez-Neave*, 291 F.3d 296, 299 (5th Cir. 2001) ("The nature of the crime is enclosed within the completion of [the offense] conduct.").

In addition to being narrower in scope, 18 U.S.C. § 924(c)(3)(B) does not contain the confusing list of examples followed by an "otherwise" provision that caused so much discomfort for the Supreme Court in *Johnson*.  According to the Supreme Court, the list of examples added confusion to the analysis because courts were forced to "to interpret 'serious potential risk' in light of the four [disparate] enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives."  *Johnson*, 135 S. Ct. at 2885 ("The phrase 'shades of red,' standing alone, does not generate confusion or unpredictability; but the phrase 'fire-engine red, light pink, maroon, navy blue, or colors that otherwise involve shades of red' assuredly does so.").  The Court recognized that the enumerated crimes are "far from clear in respect to the degree of risk each poses."  *Id.* (quoting *Begay*, 553 U.S. at 143).  In response to the dissent's argument that the *Johnson* ruling would place dozens of laws in constitutional doubt, Justice Scalia specifically noted that "[a]lmost none of the cited laws link a phrase such as 'substantial risk' to a confusing list of examples."  *Id.* at 2561.

Indeed, this listing of offenses proved problematic in the Court's prior cases examining the residual clause in § 924(e)(2)(B)(ii).  In *James,* the Court addressed the question of whether "the risk posed by attempted burglary is comparable to that posed by its closest analog among the enumerated offenses."  *James*, 550 U.S. at 203.  The *Johnson* Court opined that the new rule in *James* "offer[ed] no help at all with respect to the vast majority of offenses, which have no

apparent analog among the *enumerated crimes*." *Johnson*, 135 S. Ct. at 2558 (emphasis added); *see also James*, 550 U.S. at 230, n.7 (Scalia, J., joined by Stevens and Ginsburg, J.J., dissenting). By contrast, § 924(c)(3)(B) does not contain a confusing list of enumerated crimes that make assessing the risk of physical force all but impossible. *Compare Johnson*, 135 S. Ct. at 2561 (finding that one of the reasons other laws would not be invalidated was that these laws, like § 924(c)(3)(B), do not "link[] a phrase such as 'substantial risk' to a confusing list of examples."). Unmooring *Johnson* from this reasoning would potentially invalidate countless statutes. *See, e.g.,* 18 U.S.C. § 3559(c)(2)(F); 18 U.S.C. § 16(b); 18 U.S.C. §§ 3142(f)(1)(A) and (g)(1); 18 U.S.C. § 521(d)(3)(C).

As further evidence that § 924(c)(3)(B) does not suffer from the same ambiguities as § 924(e)(2)(B)(ii), the Court notes a complete absence of confusion as to its interpretation prior to *Johnson*. By contrast, the Supreme Court had struggled with § 924(e)(2)(B)(ii) for nine years. *See Taylor*, 814 F.3d at 376, 378. The Court in *Johnson* highlighted this issue several times, and returned to it in other opinions. *See Johnson*, 135 S. Ct. at 2559, 2560; *Welch v. United States*, 136 S. Ct. 1257, 1261 (2016); *Sykes v. United States*, 564 U.S. 1, 33 (2011) (Scalia, J., dissenting). Whatever "confusion" may surround 18 U.S.C. § 924(c)(3)(B) currently is of recent vintage and has been generated for the most part by attorneys, not by the statute's unremarkable text.

Without question, 18 U.S.C. § 924(c)(3)(B) "is not a model of the careful drafter's art" *United States v. Hayes*, 555 U.S. 415, 429 (2009), but acts of Congress are entitled to a strong presumption of validity, *United States v. National Dairy Products Corp.*, 372 U.S. 29, 32 (1963), and so this Court must attempt to construe, rather than condemn, a statute, *see Skilling v. United States*, 561 U.S. 358, 403 (2010). The Court thus finds that, properly construed, 18 U.S.C.

§ 924(c)(3)(B) is not unconstitutionally vague. It would thus include within its scope the murder statutes at issue in this case.

## CONCLUSION

Having concluded that murder is a crime of violence under both the force and residual clauses of 18 U.S.C. § 924(c), the Defendants' Motions to Dismiss will be denied. A separate Order follows.

Date: August 2, 2016                                    /s/
                                                ROGER W. TITUS
                                                UNITED STATES DISTRICT JUDGE